**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Osmin Antonio CEDILLOS, Defendant–Appellant.**

**No. 06–40097
Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 25, 2006.

James Lee Turner, Assistant U.S. Attorney, Tony Ray Roberts, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Michael L. Herman, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Osmin Antonio Cedillos appeals his guilty plea conviction and sentence for illegal reentry. He argues that (1) his North Carolina felony conviction for possession of marijuana with intent to distribute did not constitute a "felony drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(B) (2004); (2) the district court plainly erred in assessing two criminal history points for two prior sentences pursuant to U.S.S.G. § 4A1.1(c); and (3) 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

On de novo review, *see United States v. Villegas,* 404 F.3d 355, 359 (5th Cir.2005), we hold that the district court did not err in applying the § 2L1.2(b)(1)(B) enhancement because

Cedillos' North Carolina conviction was punishable by imprisonment for a term exceeding one year and was therefore a "felony." *See United States v. Harp,* 406 F.3d 242, 246 (4th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 297, 163 L.Ed.2d 259 (2005).

On plain error review, we hold that although the district court clearly erred in assessing two criminal history points pursuant to § 4A1.1(c) for sentences imposed more than 10 years prior to the instant offense, *see* § 4A1.1(c), comment. (n.3), Cedillos has failed to carry his burden of establishing that the error affected his substantial rights. *See Villegas,* 404 F.3d at 363–64. The district court could, on remand, impose the same sentence. *See United States v. Wheeler,* 322 F.3d 823, 828 (5th Cir.2003). Alternatively, it is not reasonably probable that, but for the district court's misapplication of the Guidelines, Cedillos would have received a lesser sentence because the correct and incorrect guideline ranges overlap and he did not receive a sentence substantially greater than would have otherwise been permitted. *See United States v. Garza–Lopez,* 410 F.3d 268, 275 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005); *Villegas,* 404 F.3d at 364.

Finally, Cedillos' constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Cedillos contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See Garza–Lopez,* 410 F.3d at 276. Cedillos properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has

determined that this opinion should not be